IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joe Nathan Sales, ) | |
| ) | Civil Action No. 6:05-313-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Greenville County School District, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff, who is proceeding *pro se*, claims that, in the termination of his employment, the defendant retaliated against him for filing a charge of discrimination with the EEOC. By order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the defendant's motion. On December 2, 2005, the plaintiff filed a response to the motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The defendant employed the plaintiff, Joe Nathan Sales, as a head custodian. At some point, the plaintiff was transferred from Grove Elementary School to Greenview Elementary School to Carolina High School. After his transfer to Carolina High School, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dated October 28, 2002 ("2002 charge"). (Pl.'s Dep. at 33 - 34, Ex.

1.)  In the 2002 charge, the plaintiff alleged that the defendant discriminated against him in violation of Title VII of the Civil Rights Act by transferring him between schools. (Pl.'s Dep. Ex. 1.)

After he filed the 2002 charge, the plaintiff was transferred to Berea High School. He was subsequently terminated by the defendant on April 23, 2003.  Thereafter, he filed a second Charge of Discrimination with the EEOC, dated September 29, 2003 (the "2003 charge). (Pl.'s Dep. at 34, Ex. 2.) In the 2003 charge, the plaintiff alleged he was terminated in retaliation for filing the 2002 charge. (Pl.'s Ex. 2.)

The EEOC resolved the plaintiff's 2002 charge by issuing a Dismissal and Notice of Rights dated November 7, 2003. (Pl.'s Dep. Ex. 3.)  The EEOC resolved the plaintiff's 2003 charge by issuing a Dismissal and Notice of Rights dated September 23, 2004. (Pl.'s Dep. Ex. 4.)

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* PLEADINGS

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759

F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The plaintiff's lawsuit is untimely and must be dismissed. Title VII plaintiffs have a ninety-day period in which to file their claims after the EEOC has given them a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir.1993). The EEOC issued "Right to Sue" notices in response to the plaintiff's 2002 and 2003 charges, on November 7, 2003 and September 23, 2004, respectively. The plaintiff admits that he received such notices shortly after they were issued. (Pl.'s Dep. at 42-43, 45-46.) Further, in response to special interrogatories of the Court, the plaintiff confirms that he received a "Right to Sue" notice in regards to his 2003 charge on or about September 27, 2004.

The plaintiff, however, did not file his lawsuit until February 1, 2005, over a year after the issuance of the 2003 Right to Sue notice and approximately 126 days after the issuance of the 2004 Right to Sue notice. Therefore, there is no question but that the plaintiff's action is out of time on either charge.

In response, the plaintiff only contends that the defendant has already filed a "summary motion for dismissal" on similar grounds, which was previously and allegedly denied. It is not clear as to what "summary motion" the plaintiff refers. Regardless, the parties have now had opportunity to take discovery and establish the timeline of events related to the issuance and receipt of the notices, which indisputably establishes that the plaintiff received such notices substantially more than 90 days prior to filing of this present lawsuit.

Although the 90-day requirement is subject to principles of waiver and tolling in appropriate circumstances, *see Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), no such circumstances are present here; the plaintiff does not contend otherwise.[1]

---

[1] On the merits, the defendant also claims that the plaintiff has not produced any evidence in support of his claim. The court, however, could not recommend dismissal on the merits of the plaintiff's claims at this juncture. To prevail, the plaintiff bears the "initial burden of establishing a *prima facie* case of retaliation." *Equal Employment Opportunity Comm'n v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). To establish a prima facie case of retaliation, a "plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." *Id*. at 405-406. The defendant contends that the plaintiff has failed to produce evidence sufficient to create a genuine issue as to the third element of his *prima facie* case.

The Fourth Circuit has held that "very little evidence of a causal connection is required to establish a prima facie case" and "merely the closeness in time between the filing of a discrimination charge and an employer's firing an employee is sufficient" to satisfy the causation element of a *prima facie* retaliation case. *Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 443 (4th Cir.1998); *see also Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir.1989) (holding three month time period between protected activity and termination sufficient to satisfy the causation element of the *prima facie* case of retaliation); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (finding causal link between filing of retaliation complaints and the plaintiff's demotion five months later).

The Court is persuaded that the plaintiff would be able to create a genuine issue of fact as to the causation element of his *prima facie* case. The plaintiff filed his 2002 charge of discrimination on October 28, 2002. His employment was terminated less than 6 months later, on April 23, 2003. 6 months is sufficient temporal proximity to establish a causal connection for purposes of a prima facie case. *See Tinsley*, 155 F.3d at 443 (citing *Muehlhausen v. Bath Iron Works*, 811 F. Supp. 15, 20 (D. Me.1993)) (finding causation where suspension and discharge occurred within six months after complaints were filed and hearings were held)).

The defendant, however, contends that the plaintiff must produce evidence that "but for" the filing of his charge, the plaintiff would not have been terminated. In truth, the plaintiff is only required to make such a showing in response to the defendant's legitimate non-discriminatory reason. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985) ("For the employee to disprove a legitimate nondiscriminatory explanation for

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

March 23, 2006
Greenville, South Carolina

---

adverse action, the third stage of the *Burdine* analysis, we determine that he must show that the adverse action would not have occurred "but for" the protected conduct.") The plaintiff is not required to produce evidence of "but for" causation to establish his *prima facie* case. *See Tinsley*, 155 F.3d at 443.
    Strangely, however, the defendant has nowhere indicated its reason for the plaintiff's termination -- legitimate, non-discriminatory, or otherwise. Accordingly, the Court would not be able to recommend summary judgment but for the untimeliness of the plaintiff's filing. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, (1981) (holding that if the defendants fail to produce a legitimate, nondiscriminatory reason for failing to hire the plaintiff, then "the court must enter judgment for the plaintiff because no issue of fact remains in the case."); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993) (holding that a plaintiff is entitled to judgment as a matter of law at the close of a defendant's case if the defendant has not met its burden of production of demonstrating a legitimate, nondiscriminatory reason for disparate treatment).